# EXHIBIT 1



Date: May 2, 2013

To: Hecny Shipping Limited

Dear Sirs,

### RE: Letter of Indemnity to Use Carrier Sea Waybill

Unless otherwise specifically requested in writing, we, HYC Logistics, Inc., hereby request Hecny Shipping Limited (hereinafter referred to as "HSL") to utilize a Carrier Sea Waybill in connection with the ocean transportation of shipments of cargo from HSL to HYC Logistics, Inc. from ports in China to ports in the United States. We understand and acknowledge that a Sea Waybill is not a document of title; that it is not negotiable, and that cargo will be released to the consignee shown on the Sea Waybill without presentation of the original Sea Waybill.

We irrevocably agree that HSL shall not be responsible or liable for any disputes, claims or losses whatsoever and whensoever arising in respect of, in relation to or in connection with or resulting directly or indirectly from the use of a Sea Waybill as described above, and we will promptly and fully indemnify HSL on demand and to keep HSL indemnified and hold HSL harmless in respect of any claims, damages, costs or expenses of any nature or type whatsoever (including court costs and attorneys fees and expenses) that may arise from use of the Sea Waybill.

Yours faithfully,

*For HYC Logistics, Inc.*
*Pamela J. Cail*

Pamela J. Cail
VP & GM
HYC Logistics, Inc.,
2600 Thousand Oaks Blvd. Ste 1350
Memphis, TN 38118

*Sea Freight Non-exclusive Agency Agreement*

This Non-exclusive Agency Agreement (hereinafter referred to as "Agreement") is made by and between Hecny Shipping Limited. (hereinafter referred to as "HSL"), and (Agent) (hereinafter referred to as "Agent"), as of (Date)

RECITALS

a. Whereas HSL is in relation to shipments in the United States trades a registered, tariffed and bonded foreign non-vessel operating common carrier ("NVOCC") in accordance with the requirements of the Shipping Act of 1984, as amended, and in the non-United States trades a freight forwarding company, and is based in Hong Kong and has independent agent network in the locations listed in Addendum 1;
b. Whereas Agent is a company based in (City, Country) and having branches in the locations listed in Addendum 2;
c. Whereas HSL desires Agent to perform those functions generally provided by an agent for an NVOCC/freight forwarder;
d. Whereas Agent desires to enter into an agreement with HSL pursuant to which Agent will represent, market and sell the services of HSL, and otherwise act as agent for HSL as HSL requires;
e. Whereas if Agent operates in the United States it is an Ocean Transportation Intermediary licensed by the Federal Maritime Commission.
f. Whereas the Agent and HSL wish to establish a mutually beneficial and non-exclusive cooperation under which Agent shall act on behalf of HSL and thereupon set forth terms of this agency relationship; .

Now Therefore, for good and valuable consideration, receipt of which is hereby acknowledged, the parties agree as follows:

AGREEMENT

1. **Duties and Obligations of the Agent and HSL**

1.1 The Agent agrees to promote HSL's NVOCC/freight forwarding services, arrange customs clearance, trucking and distribution and other related services in all of Agent's locations. More specifically, the duties performed by Agent shall include but shall not be limited to:

a. cargo solicitation and booking on export and import shipments;

b. rate quotations at tariff or NVOCC Service Arrangement ("NSA") rates in the United States trades or otherwise within guidelines set by HSL;

c. sales and marketing and customer service in accordance with HSL's marketing strategy as advised from time to time;

d. arranging for documentation and clearance of cargo in accordance with procedures issued by HSL and with government requirements;



*Sea Freight Non-exclusive Agency Agreement*

e. collecting for HSL and remitting to HSL, the appropriate currency freight and other charges and fees with all payments required by HSL to be made to be received before Agent delivers the cargo at destination.;

f. signing and issuing bills of lading on behalf of HSL, in accordance with applicable law, and only upon prior written instructions from HSL.

g. maintaining separate accounting records distinct from the records of Agent's own transactions and those of other principals, and provide full accounting information to HSL in accordance with HSL's requirements.

For the purposes and subject to the conditions of this agreement, Agent shall be responsible for the acts and omissions of any person / company whose services Agent may use for the performances of the contract evidenced by this agreement. Neither Agent or any person/company whose services Agent may use shall release the cargo unless and until HSL's original bills of lading are surrendered. If release is made without the surrender of the HSL original bills of lading, unless release is authorized in writing by HSL, Agent shall be held fully liable for reimbursing HSL for any fees, claims, damages, or losses that HSL may incur, including court costs and attorneys fees, arising from the release of the cargo.

Whenever Agent is named as the consignee on vessel operating common carrier's bill of lading issued to HSL as the Shipper, Agent shall be fully responsible for all demurrage and/or detention if any incurred at destination.

1.2  Agent agrees to handle all cargo routed to it from HSL. [handwritten: on a case by case basis]

1.2.1  HSL and the Agent shall promptly advise each other of the receipt of shipping instructions from the shippers or consignees on all routed traffic.

1.2.2  HSL will promptly advise the Agent of the handling procedures and the selling rate for the nominated traffic. The Agent shall act in accordance with HSL's instructions based on standard procedures.

1.2.3  HSL agrees to send pre-alert to the Agent on every [Thursday] [handwritten: Tuesday and] for all routed or nominated traffic handled in the preceding week, followed by the sending of Master Billing of Lading, House Bill of Lading and invoices. If Agent originates the cargo, the Agent also agrees to the above procedures.

1.2.4  The Agent / HSL shall reply / acknowledge all tracers and communications received from the other party within 24 (twenty-four) hours of receipt.

1.2.5  All claims for loss of and/or damage to cargo shall be reported immediately by Agent to HSL, with supporting documentation, and Agent shall provide such further documentation and services as requested by HSL for the processing and handling of claims.

*Sea Freight Non-exclusive Agency Agreement*

2. **Agency Fee**

2.1 The parties shall establish the agency fee in relation to the profit/loss in any shipment where both parties have contributed in obtaining the shipment by way of sales or operations.

2.2 Profit/loss is deemed to be the difference between the selling rate (the tariff or NSA rate in the U.S. trades) and the actual net buying rates payable to the Vessel Operating Ocean Common Carriers. Profit and loss derived from the implementation of this agreement is to be shared between the parties on such terms as may be agreed in the Fee Schedule (addendum 3) attached hereto.

2.3 If any charges, other than freight related, are incurred locally and need to be included in the profit / loss split, such charges must be notified in writing to the other party before the shipment is received, otherwise these charges cannot be debited to the other party.

2.4 Local handling charges or FOB handling charges for local deliveries are for the account of the Agent and will not be included in the Fee Schedule

2.5 HSL shall do the calculation of profit/loss due to both the parties and billing adjustments will be included. It is specifically understood that any profit or loss incurred from currency exchange transactions resulting from the transfer of funds pursuant to this agreement shall be for the account of the party making the transfer of such funds.

### 3. Credit Terms (Optional – use as require)

In case that credit is extended to a shipper or consignee by the Agent, the Agent shall bear all the credit risks unless discussed and agreed to in writing by HSL in advance.

3.1 For C&F shipments, loading port party to be responsible for the initial settlement of ocean freight with the carriers. In case of FOB shipments, discharging port party to be responsible for the initial settlement of ocean freight with the carriers.

### 4. Settlement of Accounts

Each party is to invoice to the other in U.S dollars and payments shall also be effected in U.S dollars directly to the Agent / HSL agent network, unless otherwise directed in writing;

4.1 Bank Transfer charges will not be charged to each other. The sending party must ensure the exact amount to be settled as stated in the monthly statement to the designated bank account provided by the signing parties. Bank or any other local charges cannot be deducted from the amount to be settled, unless it has been mutually agreed otherwise.

4.2 Reconciliation and Settlement of Accounts will be conducted independently and directly between each HSL agent network with Agent. Each HSL agent network will be responsible for the reconciliation and settlement of its own outstanding balances. Dispute with any one of the HSL agent network shall not lead to the Agent to hold any



*Sea Freight Non-exclusive Agency Agreement*

   payment due to other HSL agent network. HSL Head Office will only get involved should both parties arrive at a deadlock and help both parties to get a fair settlement.

4.3 If one party disputes a particular transaction in a specific invoice, such a dispute shall not be used as a ground for this party to hold payment for other due invoices. The disputed items shall be carried onto the next month for reconciliation and negotiation. All undisputed balances should be settled on due date notwithstanding the status of the reconciliation and negotiation of disputed items.

4.4 A monthly statement is to be made out by HSL and sent to Agent to be reviewed. Statement has to be immediately reconciled and confirmed by E-mail / Fax.

4.5 Settlement shall be effected by wire transfer within 2 weeks [*handwritten: 6 weeks*] after receipt of the monthly statement of accounts. Bank transfer charges will be absorbed by the sending party, who in turn will ensure that the exact amount stated in the monthly statement will be settled in the designated bank.

4.6 Either party, which has not received the settlement due to it under a Statement of Accounts thirty (30) days after the due date, is entitled to invoice the other party an interest charge for late payment at the official rate. When a party has not received the settlement of a due invoice from the other three months after the due date, each party is entitled to cancel the agreement by means of a two-week notice. The receiving party is entitled to claim to the other the cost of legal fees and related expenses incurred to collect the amount due.

## 5. Compliance with Rules and Regulations

Agent acknowledges that the activities of HSL and/or Agent are subject to laws, rules and regulations imposed by various governments. Agent agrees to be entirely responsible for any financial or non-financial penalty or loss HSL may suffer due to the Agent's breach or non-compliance with such laws, rules and regulations.

## 6. Indemnity

The Agent / HSL agree, subject to limitations outlined in the HSL bill of lading, to indemnify and hold each other harmless for any damage, delay or loss to the shipment, caused by or by reason of any negligent act, omissions, wilful misconduct or misrepresentation of the Agent/HSL, their officers or employees or agents.

Each party shall not be responsible for "Force Majeure" events or any clause beyond the control of the party or Act of God events.

## 7. Confidentiality

Each Party shall keep all information, paper, books, list of present and prospective customers and correspondences related to this Agency Agreement strictly confidential, and shall make use of them only in support of activities under this Agreement. Neither party shall reveal nor make use of information obtained as a result of this Agreement without the prior written consent of the other Party.



*Sea Freight Non-exclusive Agency Agreement*

### 8. Effectiveness

This agreement shall become effective immediately upon acceptance by both parties and shall supersede all previous agreements between Agent and HSL relating to the freight traffic as outlined in the "Recitals".

### 9. Termination

This Agreement can be terminated at any time by either party upon giving 60 (sixty) days written notice of termination to the other party, Such notices shall be sent by first class mail, postage prepaid to the other party's principal place of business as listed in the recitals to this Agreement. Upon the termination of this Agreement, the Agent shall:

a. deliver to HSL all records and documentation regarding the services rendered by the Agent on behalf of HSL;

b. as requested by HSL, continue to use its best efforts to collect any and all sums of money owing to HSL with respect to business transactions entered into by the Agent of behalf of HSL; and

c. cooperate in all respects with HSL in concluding all matters between the parties under the terms of this Agreement, including services to shippers and consignees.

### 10. Legal Disputes

In the event of any disputes, which may arise out of or relating to this Agreement during its tenure, the parties shall endeavour to reach an amicable settlement and if they fail to reach a settlement it may be referred to the Court of Law or to arbitration. In the event HSL is the defendant in any action or request for arbitration instituted by Agent, venue shall be in Hong Kong under the rules then in effect in the Court of Law or in the Hong Kong arbitration institute. If Agent is the defendant in any action or request for arbitration brought by HSL, venue shall be in the country where Agent is based under rules then effective in the capital city of the appropriate court of law or in a recognized arbitration institute. Any arbitration shall be conducted through written briefs, affidavits and counter-affidavits. There shall be no evidentiary hearings unless the arbitrator determines that a limited hearing is necessary to resolve a disputed issue of fact. The decision of any arbitrator or arbitrators shall be considered final.



### 11. Assignment

Neither party may assign this Agreement without the prior written consent of the other party.

IN WITNESS THEREOF, THE PARTIES HERE TO HAVE EXECUTED THIS AGREEMENT AS OF THE DATE ABOVE WRITTEN

*Sea Freight Non-exclusive Agency Agreement*

For and on behalf of:
Hecny Shipping Limited

Name: Carlos Tseng
Title: Vice President

Witness
_____

For and on behalf of:
(Agent)
For HYC Logistics, Inc

Name: Pamela J. Cail
Title: Vice Pres, GM

Witness

*Addendum 2 - Fee Schedule*

Fee Schedule Between Hecny Shipping Limited and (Agent)

Profit/loss is deemed to be the difference between the Agent (**Agent; Address**) and/or HSL's selling rate and the actual net buying rates payable to the Carriers. Profit and loss derived from the implementation of this agreement is to be shared between both parties equally on 50/50 basis under the profit –split arrangement.

*PJC with 4.5 amendment*

For and on behalf of:  
Hecny Shipping Limited.

_____

Witness

For and on behalf of:  
(Agent)  
For HYC Logistics, Inc  
Pamela J. Cail

_____

Witness

Kristin Cobos